**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

DORAIDA LEYVA,

    Plaintiff,

v.                                            Case No.: 17-CC-026477 Division I

NPAS, INC., WEST FLORIDA - TCH, LLC
D/B/A TAMPA COMMUNITY HOSPITAL,
and CAPIO PARTNERS, LLC

    Defendants.
_____/

## FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, Doraida Leyva, ("Plaintiff" hereinafter) an individual consumer against the Defendants, NPAS, Inc. ("NPAS" hereinafter) ,WEST FLORIDA - TCH, LLC d/b/a TAMPA COMMUNITY HOSPITAL ("Provider" hereinafter), and Capio Partners, LLC ("Capio" hereinafter) for violations of the Florida Consumer Collection Practices Act, §559.72, et seq., Fla. St. (hereinafter referred to as "FCCPA") and the Federal Debt Collection Practices Act, 15 U.S.C. §1692, et seq., (hereinafter referred to as "FDCPA") which both prohibit collectors of consumer debt from engaging in abusive, deceptive, and unfair debt collection practice.

2. This is a complaint for damages, which is more than $2,500.00, but does not exceed $5,000.00 exclusive of costs, interest, and attorney's fees. Venue in this county is proper as the conduct complained of occurred in Tampa, Hillsborough County, Florida and is in compliance with §559.77(1), Fla. St., §47.021, Fla. St., and with 15 U.S.C. §1692k(d).

3. Plaintiff is an individual residing in Hillsborough County, Florida. Plaintiff is a natural person who, as more thoroughly explained herein, allegedly owes a debt arising from personal medical services provided to Plaintiff by Provider.

4. NPAS is a company registered in the State of Florida and licensed as a Consumer Collection Agency with the Florida Office of Financial Regulation. On information and belief the principal business of NPAS is the collection of consumer debts and regularly attempts to collect debts owed or asserted to be owed by others. In the circumstances at hand, NPAS has attempted to collect a debt from Plaintiff asserted to be owed to Provider.

5. Provider is a company registered in the State of Florida and doing business as a medical provider. In the circumstances at hand, Provider has alleged that a debt is owed to Provider by Plaintiff for medical treatment or services provided to Plaintiff by Provider.

6. Capio is a company registered in the State of Florida and licensed as a Consumer Collection Agency with the Florida Office of Financial Regulation. On information and belief the principal business of Capio is the collection of consumer debts and regularly attempts to collect debts owed or asserted to be owed by others. In the circumstances at hand, Capio has attempted to collect a debt from Plaintiff asserted to be owed to Provider.

**FACTUAL ALLEGATIONS**

7. Defendants have sought to collect an alleged consumer debt from Plaintiff arising from medical treatment or services which Plaintiff received from Provider.

8. Plaintiff suffered an industrial accident arising out of and in the course and scope of Plaintiff's employment with Employbridge Holding Company in the State of Florida on April 29, 2016. As such, Plaintiff is entitled to receive workers' compensation benefits pursuant to Chapter 440, Fla. St., including but not limited to medical care and treatment. See §440.13, Fla.

St. The identified workers' compensation insurance carrier is Gallagher Bassett Services, Inc. (hereinafter referred to as "Carrier"). The adjuster assigned to Plaintiff's claim by Carrier is Ruth Carter, and the claim number assigned is 00196-017045-WC-01.

9. Plaintiff received emergency medical treatment or services from Provider on April 29, 2016 and April 30, 2016 while at Providers' facility, Tampa Community Hospital a/k/a Town and Country Hospital, for injuries caused by Plaintiff's April 29, 2016 date of accident.

10. At some time proceeding the dates of service mentioned, and prior to June 9, 2016, Provider disclosed information to NPAS which included the allegation that Plaintiff owed Provider a debt for the medical treatment or services Plaintiff received from Provider on those dates of service.

11. At some time proceeding the dates of service mentioned, and prior to June 15, 2017, Provider disclosed information to Capio which included the allegation that Plaintiff owed Provider a debt for the medical treatment or services Plaintiff received from Provider on those dates of service.

12. Plaintiff has received at least two statements from NPAS sent by mail to Plaintiff's residence in Tampa, FL seeking to collect a debt, on behalf of Provider, from Plaintiff which was for emergency medical treatment or services received by Plaintiff from Provider while at Tampa Community Hospital on April 29, 2016 and April 30, 2016. Copies of two statements Plaintiff received dated June 8 and June 9, 2016 are attached as Exhibit "A".

13. Plaintiff has received at least one statement from Capio sent by mail to Plaintiff's residence in Tampa, FL seeking to collect a debt, on behalf of Provider, from Plaintiff which was for emergency medical treatment or services received by Plaintiff from Provider while at Tampa

Community Hospital on April 29, 2016 and April 30, 2016. A copy of a statement Plaintiff received dated June 15, 2017 is attached as Exhibit "B".

14. The debt Defendants have sought to collect from Plaintiff through the statements sent to Plaintiff by NPAS and by Capio is by statute improper and is not a legitimate debt of Plaintiff. Plaintiff is not liable per statute for payment for the medical care and treatment which was provided by Provider to Plaintiff for injuries caused by Plaintiff's work-related accident. See §440.13(3)(g), Fla. St.;

15. When Plaintiff presented to Tampa Community Hospital, both on April 29, 2016 and April 30, 2016, for emergency services and care Plaintiff informed the facility during the admissions process that the injuries Plaintiff was seeking treatment for were caused by a work-related accident. Additionally Plaintiff explained how the accident happened to her treating physician. The statements attached as Exhibit "A" evidence the information Plaintiff provided to the hospital, as they each state "WORKERS COMP MISC" as Plaintiff's primary insurance. On information and belief that information was provided by Provider to NPAS prior to NPAS sending the statements attached as Exhibit "A" as well as by Provider to Capio prior to Capio sending the statement attached as Exhibit "B".

16. On both April 29, 2016 and April 30, 2016, before leaving the hospital, Plaintiff received discharge instructions from the hospital staff instructing Plaintiff to "follow up with your company Doctor", implying that the hospital clearly knew that the treatment provided by the hospital, on both dates, to Plaintiff was for a work-related accident. Copies of these discharge instructions are attached as Exhibit "C".

17. Provider had actual knowledge that Plaintiff did not owe the alleged debt through the information provided to Provider by Plaintiff on the dates of service.

*First Amended Complaint and*
*Jury Trial Demand*
*Page 4 of 9*

18. NPAS had actual knowledge that Plaintiff did not owe the alleged debt through the information provided to NPAS by Provider at some time prior to NPAS billing Plaintiff.

19. Capio had actual knowledge that Plaintiff did not owe the alleged debt through the information provided to Capio by Provider at some time prior to Capio billing Plaintiff.

20. Plaintiff is under information and belief that the amount sought to be collected by Defendants from Plaintiff is excessive in violation of the workers' compensation statutory fee schedule.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff incorporates Paragraphs 1 through 20.

22. The acts and omissions of Provider and its employees and agents as outlined herein constitute a violation of the FCCPA with respect to Plaintiff. These actions by Provider's employees and agents were done in service to Provider and these employees and agents were at all times supervised and under the apparent control of Provider. As such, Provider is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

23. Provider and its employees and agents violated the State of Florida Consumer Collection Practices Act, §559.72(9), Fla. St., by attempting to collect a debt from Plaintiff, through allowing NPAS and Capio to attempt to collect the debt, when Provider knew that Plaintiff did not owe that debt pursuant to statute.

24. Provider and its employees and agents violated the State of Florida Consumer Collection Practices Act, §559.72(9), Fla. St., by asserting that it had the legal right to collect a debt from Plaintiff by allowing NPAS and Capio to attempt to collect the alleged debt when Provider did not in fact have that legal right, and Provider knew that it did not possess that right prior to asserting it.

25. Provider and its employees and agents violated the State of Florida Consumer Collection Practices Act, §559.72(5), Fla. St., by disclosing information to NPAS and Capio which included the false allegation that Plaintiff owed a debt to Provider when Provider knew that Plaintiff did not owe that debt prior to the disclosures and those disclosures caused actual harm to Plaintiff's reputation as an alleged debtor.

26. As a result of the above violation of the State of Florida Consumer Collection Practices Act, Provider is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27. Plaintiff incorporates Paragraphs 1 through 20.

28. The acts and omissions of NPAS and its employees and agents as outlined herein constitute a violation of the FCCPA with respect to Plaintiff. These actions by NPAS' employees and agents were done in service to NPAS and these employees and agents were at all times supervised and under the apparent control of NPAS. As such, NPAS is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

29. NPAS and its employees and agents violated the State of Florida Consumer Collection Practices Act, §559.72(9), Fla. St., by attempting to collect a debt from Plaintiff when NPAS knew that Plaintiff did not owe that debt pursuant to statute.

30. As a result of the above violation of the State of Florida Consumer Collection Practices Act, NPAS is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates Paragraphs 1 through 20.

32. The acts and omissions of NPAS and its employees and agents as outlined herein constitute a violation of the FDCPA with respect to Plaintiff. These actions by NPAS's employees and agents were done in service to NPAS and these employees and agents were at all times supervised and under the apparent control of NPAS. As such, NPAS is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

33. NPAS and its employees and agents violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692f(1) by attempting to collect a debt from Plaintiff when that debt was not permitted by law, specifically §440.13, Fla. St. and NPAS knew or alternatively should have known that the debt was not permitted by law.

34. NPAS and its employees and agents violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(2)(A) by falsely representing that Plaintiff owes the alleged debt when in fact Plaintiff does not and Collector knew or alternatively should have known that Plaintiff did not owe the alleged debt.

35. As a result of the above violations of Fair Debt Collection Practices Act, NPAS is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT IV
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Plaintiff incorporates Paragraphs 1 through 20.

37. The acts and omissions of Capio and its employees and agents as outlined herein constitute a violation of the FCCPA with respect to Plaintiff. These actions by Capio's employees

and agents were done in service to Capio and these employees and agents were at all times supervised and under the apparent control of Capio. As such, Capio is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

38. Capio and its employees and agents violated the State of Florida Consumer Collection Practices Act, §559.72(9), Fla. St., by attempting to collect a debt from Plaintiff when Capio knew that Plaintiff did not owe that debt pursuant to statute.

39. As a result of the above violation of the State of Florida Consumer Collection Practices Act, Capio is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff incorporates Paragraphs 1 through 20.

41. The acts and omissions of Capio and its employees and agents as outlined herein constitute a violation of the FDCPA with respect to Plaintiff. These actions by Capio's employees and agents were done in service to Capio and these employees and agents were at all times supervised and under the apparent control of Capio. As such, Capio is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

42. Capio and its employees and agents violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692f(1) by attempting to collect a debt from Plaintiff when that debt was not permitted by law, specifically §440.13, Fla. St. and Capio knew or alternatively should have known that the debt was not permitted by law.

43. Capio and its employees and agents violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(2)(A) by falsely representing that Plaintiff owes the alleged debt when in fact

Plaintiff does not and Collector knew or alternatively should have known that Plaintiff did not owe the alleged debt.

44. As a result of the above violations of Fair Debt Collection Practices Act, Capio is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FCCPA and FDCPA, and declaratory and injunctive relief for those violations;

B. Statutory damages pursuant to §559.77, Florida Statutes and 15 U.S.C §1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to §559.77, Florida Statutes and 15 U.S.C §1692k(a)(3);

D. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 16th day of July, 2017.

/s/ *Jason R. Kobal*
JASON R. KOBAL, ESQ.
KOBAL LAW, P.A.
12169 W. Linebaugh Ave.
Tampa, FL 33626
813-873-2440
koballaw@yahoo.com
Florida Bar No.: 0542253
Attorney for Plaintiff

**NPAS, Inc.**
P.O. BOX 99008
BEDFORD, TX 76095


265351-618044311-A3



Servicios Prestados por: TAMPA COMMUNITY HOSPITAL

| Nombre del Paciente | Lopez Doraida D Leyva |
|---|---|
| Número de Cuenta | 92000616919 |
| Fecha(s) de Servicio | 04/29/2016 - 04/29/2016 |
| Fecha del Edo. de Cuenta | 07/02/2016 |
| Fecha de Colocación | 06/08/2016 |

0178970

Parte Responsable
**LOPEZ DORAIDA D LEYVA
APT 202
7321 LAS PALMAS CT
TAMPA, FL 33634-7960**

Comuníquese con nosotros
NPAS, Inc.
Sin Costo 1-800-681-9692 Español: 1-800-681-9692
LUN-VIE 8AM-9PM CST

Por favor esté preparado para proporcionar el nombre completo del paciente/parte responsable, fecha de nacimiento, y domicilio postal. Todas las llamadas podrán grabarse.

### SOLICITUD DE PAGO

| Total de Pago | Saldo Actual | Vencimiento del Pago | Monto Que Usted Debe |
|---|---|---|---|
| $ 0.00 | $ 353.33 | 07/17/16 | $ 353.33 |

Nuestros registros indican que nos comunicamos anteriormente con usted en relación al saldo que aún se debe en la cuenta. Le instamos que remita su pago completo hoy mismo. En caso que no pueda pagar el saldo completo, por favor comuníquese con nosotros al 1-800-681-9692 para hablar de opciones para resolver su cuenta.

*Información del Seguro*

Si la información del seguro en el expediente esta incorrecta, por favor comuníquese al 1-800-681-9692.

| | |
|---|---|
| *Primary:* | WORKERS COMP MISC |
| *Second:* | SUNSHINE HIX AMBETTE |
| *Third:* | VVV UNINSURED NON CO |

*Opciones de Pago*

**PAGUE EN LÍNEA** en el portal del proveedor:

**PAGUE POR TELEFONO** sin costo adicional mediante nuestro sistema automatizado durante o después de las horas hábiles normales. Sin Costo 1-800-681-9692.

**PAGO POR CORREO:** gire el pago al proveedor indicado a continuación y envíelo con el cupón anexo a la dirección especificada para el pago.

---

****POR FAVOR VEA INFORMACIÓN IMPORTANTE AL DORSO****
Por favor desprenda y remita esta sección con su pago

☐ Si su domicilio ha cambiado, marque aquí y llene la forma al dorso

**LOPEZ DORAIDA D LEYVA
APT 202
7321 LAS PALMAS CT
TAMPA, FL 33634-7960**

Fecha del Edo. de Cuenta 07/02/2016

| Número de Cuenta | 92000616919 |
|---|---|
| Fecha de Vencimiento del Pago | 07/17/16 |
| Saldo a Deber | $ 353.33 |
| Monto del Pago Adjunto | |

Por favor no remita dinero en efectivo. Si su pago es con cheque o giro postal, por favor indique el número de cuenta y gire su cheque al TAMPA COMMUNITY HOSPITAL.

**POR FAVOR DESPRENDA ESTE CUPÓN Y REMITA CON SU PAGO AL SIGUIENTE DOMICILIO:**

**TAMPA COMMUNITY HOSPITAL
P.O. BOX 740743
CINCINNATI, OH 45274-0743**

Autorización de Tarjeta de Crédito(Por favor marque uno)
☐ MC  ☐ VISA  ☐ Discover  ☐ AMEX


Número de Tarjeta de Crédito          Fecha de Vto.


Firma del Titular de la Tarjeta          $ Monto

LEYVA LOPEZ   09200061691926535000 0

**Exhibit A**

**NPAS, Inc.**
P.O. BOX 99008
BEDFORD, TX 76095



265351-616138037-A3



Servicios Prestados por: ...MPA COMMUNITY HOSPITAL

| Nombre del Paciente | Lopez Doraida D Leyva |
|---|---|
| Número de Cuenta | 92000617733 |
| Fecha(s) de Servicio | 04/30/2016 - 04/30/2016 |
| Fecha del Edo. de Cuenta | 07/02/2016 |
| Fecha de Colocación | 06/09/2016 |

017898

Parte Responsable
**LOPEZ DORAIDA D LEYVA**
**APT 202**
**7321 LAS PALMAS CT**
**TAMPA, FL 33634-7960**

Comuníquese con nosotros
NPAS, Inc.
Sin Costo 1-800-681-9692 Español: 1-800-681-9692
LUN-VIE 8AM-9PM CST

Por favor esté preparado para proporcionar el nombre completo del paciente/parte responsable, fecha de nacimiento, y domicilio postal. Todas las llamadas podrán grabarse.

## SOLICITUD DE PAGO

| Total de Pago | Saldo Actual | Vencimiento del Pago | Monto Que Usted Debe |
|---|---|---|---|
| $ 0.00 | $ 483.39 | 07/17/16 | $ 483.39 |

Nuestros registros indican que nos comunicamos anteriormente con usted en relación al saldo que aún se debe en la cuenta. Le instamos que remita su pago completo hoy mismo. En caso que no pueda pagar el saldo completo, por favor comuníquese con nosotros al 1-800-681-9692 para hablar de opciones para resolver su cuenta.

*Información del Seguro*

Si la información del seguro en el expediente esta incorrecta, por favor comuníquese al 1-800-681-9692.
**Primary:** WORKERS COMP MISC
**Second:** SUNSHINE HIX AMBETTE
**Third:** VVV UNINSURED NON CO

*Opciones de Pago*

 **PAGUE EN LINEA** en el portal del proveedor:

 **PAGUE POR TELEFONO** sin costo adicional mediante nuestro sistema automatizado durante o después de las horas hábiles normales. Sin Costo 1-800-681-9692.

 **PAGO POR CORREO:** gire el pago al proveedor indicado a continuación y envíelo con el cupón anexo a la dirección especificada para el pago.

***POR FAVOR VEA INFORMACIÓN IMPORTANTE AL DORSO***
Por favor desprenda y remita esta sección con su pago

☐ Si su domicilio ha cambiado, marque aquí y llene la forma al dorso

**LOPEZ DORAIDA D LEYVA**
**APT 202**
**7321 LAS PALMAS CT**
**TAMPA, FL 33634-7960**

Fecha del Edo. de Cuenta   07/02/2016

| Número de Cuenta | 92000617733 |
|---|---|
| Fecha de Vencimiento del Pago | 07/17/16 |
| Saldo a Deber | $ 483.39 |
| Monto del Pago Adjunto | |

Por favor no remita dinero en efectivo. Si su pago es con cheque o giro postal, por favor indique el número de cuenta y gire su cheque al TAMPA COMMUNITY HOSPITAL.

**POR FAVOR DESPRENDA ESTE CUPÓN Y REMITA CON SU PAGO AL SIGUIENTE DOMICILIO:**

**TAMPA COMMUNITY HOSPITAL**
**P.O. BOX 740743**
**CINCINNATI, OH 45274-0743**

Autorización de Tarjeta de Crédito (Por favor marque uno)
☐ MC   ☐ VISA   ☐ Discover   ☐ AMEX

Número de Tarjeta de Crédito                    Fecha de Vto.

Firma del Titular de la Tarjeta                       $ _____ Monto

LEYVA LOPEZ   092000617733265350000000483391

07/07/2017 02:54   8134085118                    PAB                              PAG. 01/01



| | Town and Country Hospital | |
|---|---|---|
| | DORAIDA LEYVA | |
| SEE REVERSE | SEE REVERSE | $1245.80 |

**P A R T N E R S**
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

June 15, 2017

## NOTICE OF DEBT

### WHAT IS THIS ABOUT?
The above accounts, owed to Town and Country Hospital are past due. Capio Partners has been contracted to collect the outstanding balance. Payments and questions should be directed to Capio Partners to ensure prompt service and credit.

### WHAT YOU CAN DO?
We are reasonable people to deal with and we know that times are tough. However, we need your assistance to help you resolve these accounts. Remember, to ensure prompt service and credit, inquiries or payments should be made directly to Capio Partners.

### CAN THIS BE CREDIT REPORTED?
Yes. Medical accounts may be reported to credit reporting agencies. Please be advised that we may report the failure to pay the accounts to credit reporting agencies if you do not resolve these accounts.

Office hours are Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time. You may contact us toll-free at 888-887-6705. We offer several payment options. We can take your payment information over the phone or you may mail a check directly to our office or pay your accounts online at www.paycapio.com. You will need this letter for reference in order to pay your accounts online.

Sincerely,
Capio Partners, LLC

### SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

***Detach Bottom Portion and Return With Payment***

DEPT 373   9156897017066
PO BOX 4115
CONCORD CA 94524

Reference #: 092000550274
Account #: 4813760
Balance Due: $1245.80

RETURN SERVICE REQUESTED



DORAIDA LEYVA
7321 LAS PALMAS CT APT 202
TAMPA FL 33634-7960

Capio Partners LLC
P. O. Box 1378
Sherman, TX 75091

**Exhibit B**

THCMCY1C-0815-876828538-02884-2884

07/07/2017 02:55    8134085118                    PAB                              PAG. 01/01

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored and/or recorded for quality assurance purposes.

| Account # | Date of Service | Amount |
|---|---|---|
| 4813760 | 02/17/2016 | $409.08 |
| 4813762 | 04/29/2016 | $353.33 |
| 4813763 | 04/30/2016 | $483.39 |

CHECK ONE: _____ [ ] MASTERCARD     _____ [VISA] VISA
ACCOUNT NUMBER _____ EXP DATE _____
CARDHOLDER NAME _____
CARDHOLDER SIGNATURE _____
                                    AMOUNT OF PAYMENT $_____

THCMCY1C-0615-878628538-02A64-2AA4

Page: 1

**COMMUNITY** Tampa Community Hospital
Emergency Department
6001 Webb Road
Tampa, FL 33615
813 - 888 - 7060

DORAIDA D LEYVA LOPEZ
PatID:                           Age: 53
Acct#:                           DOB: 9/17/19
Printed: 04/29/2016 4:48 PM
By: Gabe Sanchez, MD

## Instrucciones para el Cuidado Posterior

INSTRUCCIONES

CONTUSION

1. Se le ha diagnosticado una contusión.

2. Una contusión es un moretón. Una contusión ocurre cuando el cuerpo es golpeado o impactado. Esto rompe pequeños vasos sanguíneos llamados vasos capilares. Cuando los vasos capilares se rompen, hay sangrado. Esto hace que la piel se vea roja, morada, azul o negra. El área lesionada puede doler por unos cuantos días. Si está tomando un anticoagulante como warfarina (Coumadin®) el moretón puede empeorar.

3. Aplique hielo a la zona afectada. Evite mover esa parte lesionada.

4. Aplicar hielo alivia el dolor y la hinchazón. Ponge algunos cubitos de hielo en una bolsa de plástico hermética (Ziploc®). Agregue un poco de agua. Selle la bolsa. Ponga una toallita fina entre la bolsa y su piel. Aplique la bolsa del hielo por lo menos 20 minutos. Haga esto al menos 4 veces al día. Está bien aplicar hielo por más tiempo o con mayor frecuencia. NUNCA APLIQUE HIELO DIRECTAMENTE SOBRE LA PIEL. En todo momento coloque una toallita entre la bolsa de hielo y su cuerpo.

5. DEBE BUSCAR ATENCIÓN MÉDICA INMEDIATA, AQUÍ O EN LA SALA DE EMERGENCIAS MÁS CERCANA, SI SE PRESENTA CUALQUIERA DE LAS SIGUIENTES SITUACIONES:
   - Su dolor o hinchazón empeora considerablemente.
   - Aparece un nuevo entumecimiento u hormigueo en o debajo de la zona efectada.
   - El pie o la mano se sienten fríos o se ven pálidos. Esto puede indicar que existe un problema de circulación (flujo sanguíneo).

SEQUIMIENTO

Follow up with your company Doctor on Monday.
May be off work in next 2-3 days.

**PATIENT COPY**

**Exhibit C**

Page: 1

**COMMUNITY HOSPITAL**  Tampa Community Hospital
Emergency Department
6001 Webb Road
Tampa, FL 33615
813 - 888 - 7060

DARIEL M LEYVA LEYVA
PatID:                    Age: 70
Acct#:                    DOB: 3/5/194
Printed: 04/30/2016 5:19 PM
By: Gabe Sanchez, MD

## Instrucciones para el Cuidado Posterior
INSTRUCCIONES

CHEST WALL CONTUSION

1. Se le ha diagnosticado una contusión en la pared torácica.

2. Esto es cuando los músculos que se encuentran entre las costillas están lesionados. Contusión es otra palabra para denominar un moretón. Esta condición es dolorosa. Esto se debe a que cada vez que se respira se mueve el área lesionada. La condición no es peligrosa por sí sola. En ocasiones se presentan complicaciones. Estas incluyen neumonía o un pulmón colapsado. Debería tener menos dolor a medida que pasa el tiempo.

3. No sujete ni encinte sus costillas. Sujetarlas o encintarlas puede ayudarle con el dolor. Sin embargo, aumenta el riesgo de una neumonía.

4. Tosa y respire profundamente al menos 10 veces por hora durante el día. Apoye el área con una almohada o con su mano. Esto le ayudará con el dolor. Use analgésicos como se le indicó. Esto le ayudará con el dolor. Podrá respirar normalmente. Esto le ayudará a hacer los ejercicios de tos y respiración profunda. Estos ejercicios ayudan a evitar una neumonía.

5. DEBE BUSCAR ATENCIÓN MÉDICA INMEDIATAMENTE, AQUÍ O EN LA SALA DE EMERGENCIAS MÁS CERCANA, SI SE PRESENTA CUALQUIERA DE LAS SIGUIENTES SITUACIONES:
   - Si le falta el aliento (resuellos o problemas para respirar).
   - Si tiene más dolor que no puede ser controlado por los analgésicos.
   - Si presenta signos de neumonía. Estos incluyen fiebre (temperatura mayor de 100.4°F/38°C) y tos, especialmente una tos que produce una mucosidad amarillo-verde.
   - Si no mejora en los próximos días.

SEQUIMIENTO

Follow up with your Company doctor on Monday

PATIENT COPY